UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-724-RGJ-CHL

**CLARENCE SAMUEL ETHRIDGE ,**                                              **Plaintiff,**

**v.**

**SALTER LABS, INC.,**                                                      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to stay discovery pending a ruling on Defendant's motion for summary judgment (DN 7). (DN 13.) Plaintiff did not file a response in opposition and the time to do so has expired. *See* LR 7.1(c). Therefore, the motion is ripe for review.

**I.      BACKGROUND**

Pursuant to the Court's order for a meeting and report (DN 6), on January 6, 2021, Defendant filed a "Report of Rule 26(f) Planning Meeting." (DN 9.) In the report, Defendant stated that the Parties were unable to agree upon a proposed discovery plan. (*Id.*, at PageID # 278.) Defendant further stated that during their Rule 26(f) planning meeting, the Parties were in agreement that discovery in this case should be stayed pending a ruling on Defendant's motion for summary judgment. (*Id.*) Defendant said that when it presented Plaintiff with a finalized proposed litigation plan reflecting their agreement on January 5, 2021, Plaintiff withdrew his consent to the agreement. (*Id.*, at PageID # 278-79.) Specifically, in an email exchange attached as an exhibit to DN 9, counsel for Plaintiff states, "I don't approve, I think we need to set up discovery now . . . We need to clear up some fact issues so discovery needs to go forward." (DN 9-1, at PageID # 281.) Because Plaintiff did not present an alternative plan, Defendant filed its proposed plan. (DN 9.)

On February 10, 2021, the Court held a telephonic Rule 16 scheduling conference. (DN 12.) During the call, the Court informed the Parties that a pending dispositive motion is not ordinarily sufficient grounds to delay entering a scheduling order but granted leave for Defendant to file a motion to stay. (*Id.*) Additionally, the Court decided to proceed with an additional scheduling conference following the submission of a joint proposed scheduling order. (*Id.*) On March 19, 2021, Defendant filed the instant motion.

### II.     DISCUSSION

A stay of discovery is a matter well within the discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). The burden upon the party requesting the stay is less cumbersome when a stay—as opposed to a complete prohibition—of discovery is sought. *Marrese*, 706 F.2d at 1493. Generally, however, the mere filing of a dispositive motion, such a motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery. *See, e.g.*, *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2012 WL 4088683, at *4 (S.D. Ohio Sept. 17, 2012) ("However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6) or other dispositive motion."); *Williamson v. Recovery Ltd. Partnership*, No. 2:06-CV-0292, 2010 WL 546349, at *2 (S.D. Ohio Feb. 10, 2010) ("[U]nless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it

2

is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.").

Defendant concedes that its motion for summary judgment does not turn on an issue such as immunity or statute of limitations and argues instead that Plaintiff's claims lack any merit and that it would be prejudiced if discovery were to proceed. (DN 13, at PageID # 342.) Defendant argues that summary judgment hinges on whether Plaintiff is permanently disabled. In support of that argument, Defendant cites to caselaw showing that a wrongful termination case arising out of a plaintiff's filing a worker's compensation claim is not viable when the plaintiff is permanently unable to perform the job. (*Id.*, at PageID # 342-43.) Defendant believes that Plaintiff's permanent disability is established conclusively as a matter of law because Plaintiff failed to respond to requests for admission (which are thus deemed admitted), including that "[h]e asserted physical injuries are permanent" and "[h]e will not be able to return to any form of employment." (*Id.*, at PageID # 344.)

The Court declines to place a stay on discovery in this case. The arguments Defendant presents in its motion to stay essentially restate its arguments in support of its motion for summary judgment. Put differently, Defendants motion to stay boils down to an assertion that discovery should be stayed because Defendant believes it is entitled to summary judgment. This argument does not remove this case from the guiding rule that "[g]enerally, the mere filing of a dispositive motion is insufficient to support a stay of discovery." *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *8 (W.D. Ky. June 26, 2018) (citations omitted).

The Court appreciates that Defendant doesn't just offer the fact that it filed a dispositive motion; it is clear that Defendant is certain that it will prevail on summary judgment. But likelihood of success on the merits is not for the undersigned to assess; "the assigned District Judge

3

will be the one ruling on the motion[] for [summary judgment], and it is not the intent of this order to predict what that ruling might be." *Williamson v. Recovery Ltd. Partnership*, No. 2:06-CV-0292, 2010 WL 546349, at *2 (S.D. Ohio Feb. 10, 2010). Regardless of how strong Defendant believes its case is, in considering a motion to stay pending a dispositive motion, the undersigned merely considers "whether the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value." *Id.* (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed .2d 539 (1975)). Here, "considering simply the likelihood that the case will be dismissed or significantly narrowed by a ruling on the motions, this appears to be exactly the type of 'garden variety' case where a stay is not warranted." (*Id.*)

### III.  ORDER

For the foregoing reasons, Defendant's motion to stay (DN 13) will be denied.

Accordingly,

IT IS HEREBY ORDERED that DN 13 is **DENIED**. A scheduling order shall be issued separately.

Colin H Lindsay, Magistrate Judge
United States District Court

April 15, 2021
cc:  Counsel of record

4