UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CLARENCE SAMUEL ETHRIDGE                                                          Plaintiff

v.                                                           Civil Action No. 3:20-CV-00724-RGJ-CHL

SALTER LABS, INC.                                                                 Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Salter Labs, Inc. ("Salter Labs") moves for Summary Judgment [DE 7]. Plaintiff Clarence Samuel Ethridge ("Ethridge") responded [DE 8], and the Defendant submitted a Reply [DE 10]. This matter is ripe. For the reasons below, the Court **DENIES** the Defendant's Motion [DE 7] without prejudice.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Salter Labs employed Ethridge as a full-time forklift operator. [DE 8 at 229]. On January 7, 2019, Ethridge injured his shoulder and neck while operating a forklift at Salter Labs. [DE 1-8 at 32-33; DE 8 at 229]. The same day, he reported the injury and provided notice of his intent to seek Worker's Compensation benefits. [DE 10-1 at 302; DE 1-8 at 32-33]. Ethridge received a letter on January 10, 2019 from Salter Labs' workers' compensation carrier, CNA, stating that they had been notified of a claim submitted under Salter Labs' policy and telling him what to expect next, including investigation and fact gathering, medical management, and potentially a return to work program. [DE 8 at 235, 270-72].

Ethridge sought medical care for "neck pain, chronic right shoulder, cervical spondylosis without myelopathy, foraminal stenosis of cervical region, and cervical radiculopathy" from his injury. [DE 8-3 at 261]. He was later seen for "neck and right upper extremity pain." [*Id.*]. One

1

of Ethridge's doctors reviewed his x-rays, CT scan, and MRI, discussed surgery as a last resort, and referred him to a specialist. [*Id.*]. For months, he underwent physical therapy, medications, epidural steroid injections, and right shoulder injections, but continued to have pain. [*Id.* at 262]. During this time, Ethridge's doctor determined that he was unable to return to work. [DE 7 at 78; DE 8 at 229].

Salter Labs held Ethridge's position open for approximately six months. [DE 7-3]. At the end of this period, on July 15, 2019, Stephanie Carver, Senior HR Manager with Salter Labs, wrote to Ethridge offering him a modified/light duty position, and explaining that the Worker's Compensation Carrier sent a job function evaluation and list of duties to Ethridge's physician for evaluation (the "Letter"). [*Id.*]. A job function evaluation form was also completed by an employee of Salter Labs, indicating that no light duty was available for a "warehouse asso," the type of position offered to Ethridge. [DE 8 at 235; DE 8-4 at 268]. In the letter offering Ethridge a modified position, Carver referred to a discussion she had with Ethridge on July 19, 2019 (four days after the date on the letter),[1] and stated that Salter Labs would terminate Ethridge if he did not return to work in some capacity within thirty days. [DE 7-3 at 223]. Ethridge did not respond to Salter Labs' letter or return to work in any capacity. [DE 8 at 230]. Salter Labs terminated Ethridge on August 19, 2019. [*Id.* at 229].

Ethridge states that he electronically filed a workers' compensation claim on August 20, 2019 seeking permanent occupational disability benefits. [*Id.*]. Salter Labs asserts they paid Ethridge's medical expenses and temporary total disability income benefits prior to the filing of this claim. [DE 10 at 289]. On October 31, 2019, Salter labs electronically filed a notice of claim denial because they were disputing "the amount of compensation owed to the plaintiff," that "the

---

[1] This date discrepancy appears to be a typographical error.

alleged injury [arose] out of and in the course of employment," and "other." [*Id.* at 302-3]. The worker's compensation claim was submitted to an Administrative Law Judge, who reviewed Ethridge's claim for permanent occupational disability benefits. [DE 8-3 at 260]. Ultimately, the Administrative Law Judge held that Ethridge had suffered a cervical spine condition related to his work injury and that he could recover reasonable and necessary medical expenses. [*Id.* at 266]. The Judge further held that Ethridge was entitled to receive temporary total disability pending maximum medical improvement following the injury. [*Id.*]. The Administrative Law Judge placed the claim in abeyance pending maximum medical improvement from the effects of the work injury and preserved all other issues for further resolution following removal of this claim, including extent and duration of permanent disability. [*Id.*].

Ethridge brought action in state court in July 2020, claiming Salter Labs fired him in retaliation for his Workers' Compensation claim in violation of Kentucky State Law. [DE 1-8 at 32; DE 8 at 230]. Salter Labs served Requests for Admissions on Ethridge on August 3, 2020, requesting that he admit that his claimed damages exceed $75,000. [DE 1-3 at 14]. Ethridge answered on August 24, 2020, "unable to admit or deny because his damages are reduced by any payment he may receive under a pending Workers Compensation Claim, therefore Plaintiff must DENY." [DE 1-4 at 15]. On August 31, 2020, Salter labs sent additional Interrogatories, Requests for Production, and Requests for Admissions to Ethridge, including requests that Ethridge admit "(1) his claimed damages exceed $75,000; (2) his asserted physical injuries are permanent; (3) he will not be able to return to any form of employment; (4) he is seeking permanent total occupational disability benefits in his worker's compensation claim; (5) that between January 7, 2019 and April 1, 2020 he was not cleared to return to work with no restrictions and (6) that as of

July 9, 2020 he has not been released to return to work with no restrictions." [DE 1-5 at 17-27; DE 7 at 79]. Ethridge did not respond by the September 30, 2020 deadline.

On October 22, 2020, Salter Labs moved to have the requests deemed admitted. [DE 1, Notice of Removal, at 3; DE 1-8 at 50-51; DE 7 at 79]. Salter Labs states that, with regard to these admissions, Ethridge's Counsel "verbally indicated no objection to the motion via a phone call held on October 23, 2020. No objection was filed, and no one appeared in opposition at the hearing," which occurred before the Jefferson Circuit Court on October 26, 2020. [DE 1 at 3; DE 7 at 79]. The Jefferson Circuit Court granted Salter Labs' Motion to Deem the Requests for Admissions Admitted on October 26, 2020. [DE 1-6 at 28]. Salter Labs then removed the matter to this Court based on Ethridge's admission that the claim exceeded $75,000. [*Id.*].

Prior to the commencement of discovery in the federal action, Salter Labs filed its Motion for Summary Judgment on Ethridge's claim of retaliation for filing for workers' compensation. [DE 7]. The deadline for completion of fact discovery is October 1, 2021, and expert discovery is May 1, 2022. [DE 17, Scheduling Order at 359-60].

## II. DISCUSSION

Salter Labs seeks Summary Judgment on Ethridge's retaliation claim on the grounds that it has not discriminated or retaliated against Ethridge because Ethridge has "both asserted and admitted that he will never be able to return to any form of employment." [DE 7 at 81]. In response, Ethridge argues that summary judgment would be improper at this stage of the litigation because discovery has not developed and because there is genuine issue of material fact whether his workers' compensation claim contributed to his firing. [DE 8 at 237].

Ethridge also argues that his admission that he is permanently disabled "cannot be the legal basis for adjudication," as he is a lay person rather than "a medical expert" and "since that time he

4

has obtained medical treatment." [*Id.* at 236]. Ethridge argues that the Court should not rely on his opinion as it was speculative and made prior to his surgery. [*Id.*]. He asserts that summary judgment is improper as there exists issues of material fact as to whether his filing a workers' compensation claim materially contributed to his firing, whether he is permanently disabled, and whether Salter Labs' modified job offer may have been illusory. [*Id.*].

Ethridge argues that summary judgment is premature because discovery has not yet taken place in this matter. [*Id.* at 235]. Salter Labs asserts that summary judgment is appropriate because additional discovery is not necessary and Ethridge failed to support his request for additional discovery with a requisite Rule 56(d) affidavit. [DE 10 at 229-300].

At the summary judgment phase of litigation, the parties are required "to make [their] case with a showing of facts that can be established by evidence that will be admissible at trial." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing Fed. R. Civ. P. 56(e)(2)). In addition, under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may adjourn a motion for summary judgment for further discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). This authority considers the drastic nature of granting summary judgment by allowing the Court to ensure that it "affords the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995).

While the nonmoving party must typically file a formal affidavit stating "the materials [it] hopes to obtain with further discovery," *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004), FRCP 56(d) is also satisfied if the party complies with its "substance and purpose" of the rule by "informing the district court of [the] need for discovery prior to a decision on the summary

has obtained medical treatment." [*Id.* at 236]. Ethridge argues that the Court should not rely on his opinion as it was speculative and made prior to his surgery. [*Id.*]. He asserts that summary judgment is improper as there exists issues of material fact as to whether his filing a workers' compensation claim materially contributed to his firing, whether he is permanently disabled, and whether Salter Labs' modified job offer may have been illusory. [*Id.*].

Ethridge argues that summary judgment is premature because discovery has not yet taken place in this matter. [*Id.* at 235]. Salter Labs asserts that summary judgment is appropriate because additional discovery is not necessary and Ethridge failed to support his request for additional discovery with a requisite Rule 56(d) affidavit. [DE 10 at 229-300].

At the summary judgment phase of litigation, the parties are required "to make [their] case with a showing of facts that can be established by evidence that will be admissible at trial." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing Fed. R. Civ. P. 56(e)(2)). In addition, under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may adjourn a motion for summary judgment for further discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). This authority considers the drastic nature of granting summary judgment by allowing the Court to ensure that it "affords the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995).

While the nonmoving party must typically file a formal affidavit stating "the materials [it] hopes to obtain with further discovery," *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004), FRCP 56(d) is also satisfied if the party complies with its "substance and purpose" of the rule by "informing the district court of [the] need for discovery prior to a decision on the summary

judgment motion." *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (internal quotation marks and formatting omitted). In *Moore*, the Sixth Circuit concluded that the plaintiff made a sufficient request for additional discovery in a summary judgment motion but did not file a FRCP 56(d) affidavit. *Id.* Granting summary judgment simply because the plaintiff did not file a "redundant" FRCP 56(d) affidavit, the court held, would "unduly exalt form over substance." *Id.*

While some discovery was taken prior to removal, the Motion for Summary Judgment was filed on December 30, 2020, months before the Scheduling Order was entered on April 21, 2021. [DE 8 at 238; DE 17 at 359]. Ethridge states that as of the filing of his answer on December 20, 2020, he had only received discovery regarding his termination. [DE 8 at 236]. Ethridge has not sought to supplement his response to the Motion for Summary Judgment with additional facts that may have been developed in discovery since the filing of the Motion for Summary Judgment.

While Ethridge did not file an FRCP 56(d) affidavit with his response brief, he has complied with the procedural requirements of FRCP 56(d) by setting forth the specific discovery he needs in order to respond to Salter Lab's Motion for Summary Judgment, including gaps in the record that should be filled, and contradictions that should be resolved. [DE 8 at 235-36]. Ethridge requests depositions, records and communication between his workers' compensation nurse case manager and the individuals at Salter Labs involved in his termination. [*Id.* at 236]. Ethridge asserts this discovery is necessary to determine if they were aware that he had not been released by his doctors to return to employment at the time of his alleged job offer. [*Id.*]. He asserts that if they had been aware, "a jury could find the job offer to be illusory." [*Id.*]. Ethridge also seeks discovery regarding the modified position he was offered. [*Id.* at 235].

The discovery Ethridge seeks could be relevant to the issues of causation and pretext in a claim for retaliation. Ethridge has thus "demonstrate[d] [his] need for further discovery with

particularity." *Williams v. Goodyear Tire & Rubber Co.*, No. 11-2-35-STA, 2012 WL 1228860, at *3 (W.D. Tenn. Apr. 11, 2012). Ethridge describes the discovery he seeks, articulates the basis for his request, and explains the discovery's necessity. As a result, Ethridge has cleared FRCP 56(d)'s procedural hurdle and the Court will permit Ethridge to conduct discovery before addressing summary judgment. After discovery is conducted, the factual record may be different than it was when Salter Labs first filed its motion for summary judgment. As a result, and under FRCP 56(d)(1), the Court will deny without prejudice Salter Labs' motion for summary judgment.

### III. CONCLUSION

Accordingly, for the stated reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment [DE 7] is **DENIED without prejudice.**

Rebecca Grady Jennings, District Judge
United States District Court

September 27, 2021